## LORD v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, First Department.   January 8, 1909.)

1. LIBEL AND SLANDER (§ 124*)—DAMAGES—INSTRUCTIONS.

Plaintiff in an action for libel is entitled to an instruction that, in determining the damages, the jury should consider that in the publication there are imputed to him the crimes of assault, conspiracy, larceny, and robbery, all of which are felonies punishable by fine and imprisonment; the effect of the article being to convey the impression that plaintiff had been guilty of such offenses.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 369; Dec. Dig. § 124.*]

2. APPEAL AND ERROR (§ 1067*)—HARMLESS ERROR.

The verdict for plaintiff in an action for libel having been for only six cents damages, it cannot be said it was harmless to refuse an instruction that, in determining damages, the jury should consider that the publication imputes to him the crimes of assault, conspiracy, larceny, and robbery. all of which are felonies punishable by fine and imprisonment.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1067.*]

Appeal from Trial Term, New York County.

Action by John J. Lord against the New York Evening Journal Publishing Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

John E. O'Brien, for appellant.
Clarence J. Shearn, for respondent.

SCOTT, J.  The plaintiff appeals from a judgment in his favor for nominal damages in an action for libel. The plaintiff on the evening of April 4, 1905, or the early morning of April 5th, happened to be a witness of an assault committed by three highwaymen upon one Dominick Bianca.  Plaintiff went to the rescue, whereupon the highwaymen ran away, followed by plaintiff, who ultimately assisted a policeman in effecting the capture of one of the assailants.  At the station house the person arrested gave the name of Stephen Murphy, and plaintiff handed his card to the officer in charge, in case he should be required as a witness.  The defendant publishes daily several editions of an evening paper.  In an early edition on April 5, 1905, it gave an account of the incident, and stated correctly that the man arrested gave the name of Stephen Murphy.  In its later editions issued on the same day, owing doubtless to some carelessness, for which, however, no excuse is offered, the defendant, after giving a florid account of the transaction, stated that the highwayman described himself as John J. Lord of No. 424 West Twenty-Fourth street; this being the name and address of the plaintiff.  This statement was contrary to the fact, and the defendant does not contend that it was not libelous.  Nothing appeared in the evidence to cast the slightest reflection upon the plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff's character, and the defendant at the trial expressly disclaimed any intention to call his character in question. No special damages were claimed, and the jury returned a verdict for plaintiff for six cents damages.

We think that these damages were wholly inadequate in a case where a newspaper, by a blunder without reasonable excuse, charges a perfectly respectable citizen with being a highwayman, and we cannot avoid the impression that the jury misapprehended the serious nature of the charge implied in the article, and the responsibility which the defendant assumed in publishing it. It may very probably be that this result was reached by the refusal of the court to charge the very proper request of plaintiff's counsel that:

"In arriving at the amount of damages, the jury should take into consideration the fact that, in the libelous articles which form the basis of this action, there are imputed to the plaintiff the crime of assault, conspiracy, larceny, and robbery, all of which are felonies punishable by fine and imprisonment."

There can be no doubt that the effect of the article complained of, if believed by the reader, was to convey the impression that plaintiff had been guilty of the offenses enumerated in the request, and it was proper that the jury should keep that fact in mind in estimating the damages. The refusal to so charge was error, and, in view of the verdict, we cannot say that the error was harmless. Other exceptions have been urged upon us which it is not necessary to consider.

For the reasons stated, the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.